## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
****************************************************
NOSA IMASUEN                          *
CARILLA R. IMASUEN                    *
        Plaintiff                     *
                                      *
        v.                            *
                                      *
MIDLAND MORTGAGE, a division of       *
MidFirst Bank                         *
GMAC MORTGAGE                         *
GINNIE MAE                            *
                                      *   Case number: 3:15-cv-00463-JCH
                                      *
                                      *
                                      *
                                      *
                                      *   April 17, 2015
                                      *
****************************************************
```

### MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rule of Civil Procedure 12(e), the defendant MidFirst Bank erroneously named as Midland Mortgage (hereafter "MidFirst Bank") moves for a more definite statement of the plaintiff's complaint filed February 6, 2015 in the State of Connecticut Superior Court for the Judicial District of New London and removed to the Federal District Court for the District of Connecticut on March 30, 2015 for the reasons

1

that said complaint is so vague and ambiguous that the defendant MidFirst Bank cannot reasonably prepare a response.

The Defendant moves for a more definite statement regarding plaintiff's complaint as follows:

1. In Paragraph 3, the plaintiffs should identify the date when the defendant GMAC allegedly instituted a tax escrow on the plaintiff's monthly mortgage payment.  The Defendant MidFirst Bank requires this information because MidFirst Bank became the record holder of the plaintiff's mortgage on December 4, 2008.

2. In Paragraph 10, the plaintiffs should identify the date when the defendant GMAC placed the plaintiff's mortgage into delinquency and intent to foreclose status.  The defendant MidFirst Bank requires this more definitive statement since it became the record holder of the plaintiff's mortgage on December 4, 2008.

3. In Paragraph 14, the plaintiffs should identify the date when the defendant made an alleged "huge error regarding the tax escrow and failed to properly apply Plaintiffs' timely payments."  The Defendant MidFirst Bank requires this more definitive statement since it became the record holder of the plaintiffs' mortgage on December 4, 2008.

4. In Paragraph 15, the plaintiff should identify the date that GMAC put the Plaintiffs' loan into delinquency and intent to foreclose status.  The defendant MidFirst Bank

2

requires this more definitive statement since it became the record holder of the plaintiffs'
mortgage on December 4, 2008.

5. In Paragraph 16, the plaintiff should identify with particularity the dates said
actions or inactions allegedly occurred.  The defendant MidFirst Bank requires this more
definitive statement since it became the record holder of the plaintiffs' mortgage on
December 4, 2008.

6. In Paragraph 17, the plaintiff should identify with particularity the dates said
actions occurred.  The defendant MidFirst Bank requires this more definitive statement
since it became record holder of the plaintiffs' mortgage on December 4, 2008.

7. In Paragraph 47, the plaintiff should identify with particularity the date said
dispute arose between GMAC and the plaintiffs.  The defendant MidFirst Bank requires
this more definitive statement because it became the record holder of the plaintiffs'
mortgage on December 4, 2008.

8. In paragraph 48, the plaintiffs should identify where GMAC referenced tax
payments for the dates July 2011 and September 2012.  The defendant MidFirst Bank
requires this more definitive statement because it became record holder of plaintiffs'
mortgage on December 4, 2008.

9. In paragraph 49, the plaintiffs should identify with particularity the date GMAC

3

sent the plaintiffs said letter.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiffs' mortgage on December 4, 2008.

10. In Paragraph 50, the plaintiffs should state when and to whom said response was made.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiffs' mortgage on December 4, 2008.

11. In Paragraph 53, the plaintiffs should state when and to whom said response was made.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of plaintiffs' mortgage on December 4, 2008.

12. In Paragraph 54, the plaintiffs should state when and to whom this information was provided.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiffs' mortgage on December 4, 2008.

13. In Paragraph 56, the plaintiffs should state with particularity to whom said telephone conversations were conducted.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiffs' mortgage on December 4, 2008.

14. In Paragraph 61, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more

4

definitive statement because it became the record holder of the plaintiff's mortgage on December 4, 2008.

15. In Paragraph 62, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage on December 4, 2008.

16. In Paragraph 63, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage on December 4, 2008.

17. In Paragraph 64, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage on December 4, 2008.

18. In Paragraph 65, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage on December 4, 2008.

5

19. In Paragraph 66, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage on December 4, 2008.

20. In Paragraph 67, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage on December 4, 2008.

21. In Paragraph 69, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

22. In Paragraph 70, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

23. In Paragraph 71, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more

6

definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

24. In Paragraph 73, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

25. In Paragraph 74, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

26. In Paragraph 75, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

27. In Paragraph 76, the plaintiffs should state with particularity the amount due under the terms of the Notice of Intent to Accelerate.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

28. In Paragraph 77, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

29. In Paragraph 78, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

30. In Paragraph 79, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

31. In Paragraph 80, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

32. In Paragraph 81, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more

definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

33. In Paragraph 82, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

34. In Paragraph 83, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

35. In Paragraph 84, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

36. In Paragraph 85, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

9

37. In Paragraph 86, the plaintiffs should state with particularity GMAC's response to plaintiff's qualified written request.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

38. In Paragraph 89, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

39. In Paragraph 90, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

40. In Paragraph 91, the plaintiffs should state with particularity the amount due under the terms of the Notice of Intent to Accelerate.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

41. In Paragraph 92, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more

definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

42. In Paragraph 93, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

43. In Paragraph 95, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

44. In Paragraph 97, the plaintiffs should state with particularity the amount due under the terms of the Notice of Intent to Accelerate.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

45. In Paragraph 98, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

11

46. In Paragraph 99, the plaintiffs should state with particularity GMAC's response to plaintiff's qualified written request.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

47. In Paragraph 101, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

48. In Paragraph 104, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

49. In Paragraph 106, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

50. In Paragraph 108, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more

definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

51. In Paragraph 110, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

52. In Paragraph 111, the plaintiffs should state with particularity GMAC's response to plaintiff's qualified written request.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

53. In Paragraph 113, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

54. In Paragraph 115, the plaintiffs should state with particularity GMAC's response to plaintiff's qualified written request.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

55. In Paragraph 116, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

56. In Paragraph 117, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

57. In Paragraph 119, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

58. In Paragraph 121, the plaintiffs should set forth the amounts for current payment, an escrow payment, and past due payments contained in the Monthly Mortgage Statement sent by GMAC. The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

59. In Paragraph 123, the plaintiffs should state with particularity the amount of the

mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

60. In Paragraph 124, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

61. In Paragraph 125, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

62. In Paragraph 126, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

63. In Paragraph 127, the plaintiffs should set forth the amounts for current payment, an escrow payment, and past due payments contained in the Monthly Mortgage Statement sent by GMAC. The defendant MidFirst Bank requires this more definitive

statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

64. In Paragraph 129, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

65. In Paragraph 130, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

66. In Paragraph 132, the plaintiffs should state with particularity who provided said January 7, 2014 statement.  The defendant MidFirst Bank requires this statement because it became the record holder of the plaintiff's mortgage on December 4, 2008.

67. In Paragraph 133, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

68. In Paragraph 134, the plaintiffs should set forth with particularity the amount

16

claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

69. In Paragraph 135, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

70. In Paragraph 137, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

71. In Paragraph 138, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

72. In Paragraph 139, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the

17

plaintiff's mortgage December 4, 2008.

73. In Paragraph 140, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

74. In Paragraph 141, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

75. In Paragraph 142, the plaintiffs should set forth the amounts for current payment, an escrow payment, and past due payments contained in the Monthly Mortgage Statement sent by GMAC. The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

76. In Paragraph 145, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

77. In Paragraph 146, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

78. In Paragraph 148, the plaintiffs should set forth with particularity the amount set forth in the Escrow Account Disclosure Statement sent by GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

79. In Paragraph 149, the plaintiffs should state with particularity GMAC's response to plaintiff's qualified written request.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

80. In Paragraph 150, the plaintiffs should state with particularity GMAC's response to plaintiff's qualified written request.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

81. In Paragraph 151, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more

19

definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

82. In Paragraph 153, the plaintiffs should set forth the amounts for current payment, an escrow payment, and past due payments contained in the Monthly Mortgage Statement sent by GMAC. The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

83. In Paragraph 155, the plaintiffs should state the amount of partial payment reissue checks sent by GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

84. In Paragraph 157, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

85. In Paragraph 158, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the

20

plaintiff's mortgage December 4, 2008.

86. In Paragraph 159, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

87. In Paragraph 160, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

88.  In Paragraph 161, the plaintiffs should state with particularity the amount of the mortgage payment made to GMAC.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

89. In Paragraph 162, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

90. In Paragraph 163, the plaintiffs should state with particularity the amount claimed

by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

91. In Paragraph 166, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

92. In Paragraph 170, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

93. In Paragraph 172, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

94. In Paragraph 176, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the

plaintiff's mortgage December 4, 2008.

95. In Paragraph 178, the plaintiffs should set forth with particularity the amount claimed to be negative escrow balance.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

96. In Paragraph 179, the plaintiffs should set forth with particularity the method used by GMAC to acknowledge receipt of a qualified letter. The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

97. In Paragraph 180, the plaintiffs should set forth the GMAC's response to the complaint filed by the plaintiffs to the Consumer Financial Protection Bureau. The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

98.  In Paragraph 182, the plaintiffs should set forth with particularity the amount claimed by GMAC's letter by which the plaintiffs were past due.  The defendant MidFirst Bank requires this more definitive statement because it became the record holder of the plaintiff's mortgage December 4, 2008.

99. In Paragraph 203, the plaintiff should state with specificity to which defendant said

paragraph is addressed.

100. In Paragraph 204, the plaintiff should state with specificity to which defendant said paragraph is addressed.

THE DEFENDANT
MIDFIRST BANK

   /s/ John P. Fahey
John P. Fahey ct07126
Witherspoon Law Offices
790 Farmington Avenue
Farmington, CT 06032
Telephone: (860) 676-9988
Fax: (860) 676-1360
Email: jfahey@witherspoon-law.com

24

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2015, a copy of the foregoing Motion for More Definite Statement was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.  Notice by mail was sent to:

Nosa Imasuen
6 Troy Avenue
Groton, CT 06340

Carilla Imasuen
6 Troy Avenue
Groton, CT 06340

GMAC Mortgage
c/o McCarter & English LLP
Cityplace I
185 Asylum Avenue, 36th Floor
Hartford, CT 06106

BY   /s/ John P. Fahey
John P. Fahey ct07126
Witherspoon Law Offices
790 Farmington Avenue
Farmington, CT 06032
Telephone: (860) 676-9988
Fax: (860) 676-1360
Email: jfahey@witherspoon-law.com

26